UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTWAN L. WEBB,

   Plaintiff,

 v.              CAUSE NO. 3:18-CV-1034-DRL-MGG

RON NEAL and OFC. DOE,

   Defendants.

OPINION & ORDER

  Antwan L. Webb, a prisoner without a lawyer, filed an amended complaint because his original complaint didn't state a claim. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

  In the amended complaint, Mr. Webb alleges Officer Doe failed to protect him from attack by a fellow inmate at the Indiana State Prison on August 8, 2017. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Mr. Webb had previously been attacked by MS-13 gang members in April 2017. Following that attack, he was removed from general population and placed in a segregation unit. On August 8, 2017, he alleges Officer Doe let an MS-13 member out for recreation without properly searching, escorting, or restraining him. ECF 22 at 11. Then, while releasing Mr.

Webb from his cell for recreation, "Plaintiff was asked [by Officer Doe], specifically, if there'd be a problem with him and the '13's', [and] Plaintiff verbally stated: 'That's a stupid question, 'I'm the victim,' etc., while waiving his arm to indicate that was not a true statement [and] expressed his unease and fearfulness for his life at that point. ECF 22 at 8. Mr. Webb alleges he was ordered to walk down the back stairs alone where he was attacked by the MS-13 gang member. These allegations state a claim against Officer Doe.

However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). In a prior screening order, the court explained that, if Mr. Webb filed an amended complaint, he "must include either the names of the unknown defendants or an explanation for why he does not know their names as well as a description of what he has done to identify them since he was attacked on August 8, 2017." ECF 16 at 5. In response, Mr. Webb says after the attack, he "was moved the next morning, and transferred to a new facility soon thereafter, unable to obtain the names of all parties concerned/involved with incident." ECF 22 at 9-10. He says he "has written several notes requests and letters to [Indiana State Prison] asking for the log book/report of incident so that he may obtain the names . . . to no avail." ECF 22 at 9.

This showing is sufficient to proceed against the unknown defendant because where a prisoner is not "in a position to identify the proper defendants . . . it is the duty of the district court to assist him, within reason, to make the necessary investigation." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). "[T]he court may assist the plaintiff . . . by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible." *Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Here, Ron Neal will be kept as a defendant in his official capacity as the Warden of the Indiana State Prison so

he can identify Officer Doe. Once he does, the court will dismiss Ron Neal, add the name of the currently unknown officer, and order service as required by 28 U.S.C. § 1915(d).

Admittedly, Mr. Webb's amended complaint would seem to fall outside the statute of limitations. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Normally, "plaintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008).

The court finds that Mr. Webb's amended complaint, albeit untimely, is deserving of equitable tolling. The federal doctrine of equitable tolling provides that "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993) (quotation marks and citation omitted). When a plaintiff relies on the court's representation to his detriment, equitable tolling may be warranted. *See, e.g.*, *Prieto v. Quarterman*, 456 F.3d 511, 515 (5th Cir. 2006) (finding a diligent plaintiff's reliance on a court's extension to file an amended habeas petition was an "extraordinary circumstance" for purposes of equitably tolling the AEDPA one-year statute of limitations). Similarly, when the delay is caused not by the plaintiff but by the realities of the court's own procedures, tolling may be necessary to prevent injustice. *See, e.g.*, *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (*en banc*) (finding equitable tolling warranted when an otherwise diligent plaintiff could not amend her complaint to include new claims "due solely to the delay inherent" in the court's procedures); *see also Holland v. Florida*, 560 U.S. 631, 650 (2010) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944) (courts of equity are enabled "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices.").

Mr. Webb's original complaint, which was deficient, was filed well within the statute of limitations. *See generally Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999) ("equitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence") (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). By the time this court screened the complaint and discovered the deficiencies eight months later, the statute of limitations had already expired by approximately two weeks. *See* ECF 16. Nevertheless, this court granted Mr. Webb the opportunity to file an amended complaint and explain his efforts in identifying the unknown defendant. *Id.* Mr. Webb further requested additional time to file his amended complaint, which the court granted him. ECF 17, 19. In his amended complaint, he has remedied the deficiencies identified by the court's order and provided information regarding his attempt to name the unknown officer.

The facts of this case show that Mr. Webb could not have been reasonably expected to file an amended complaint within the statutory period. Mr. Webb represents that he has attempted to identify the officer. Had the court been able to screen his complaint earlier, he might well have filed this amended complaint within the statutory window. *See Kwai Fun Wong*, 732 F.3d at 1054 (Kozinski, J., concurring) ("We owe [the plaintiff] the benefit of our compassion and creativity. . . . [T]he court took more than seven months to act on this routine motion—a delay [the plaintiff] didn't cause and couldn't have foreseen."). Instead, Mr. Webb relied on the court's order allowing him to file an amended complaint outside the statute of limitations. Because he has otherwise been diligent in pursuing his claims, Mr. Webb's claims against the unknown officer is saved by equitable tolling. His other claims, however, are deficient for other reasons.

Mr. Webb alleges an Unknown Sergeant supervised Officer Doe and allowed recreation while the prison was otherwise on lockdown. ECF 22 at 11. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are

4

responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The claims against the Unknown Sergeant must be dismissed.

Mr. Webb alleges Warden Ron Neal knew about gang violence in the prison. He alleges the Warden knew he had been attacked before. However, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005).

Here, Mr. Webb refused to be placed in protective custody and demanded to be moved from administrative segregation to general population. Nevertheless, even if he had asked to be moved to protective custody, "the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Here, Mr. Webb has not alleged facts from which it can be plausibly inferred that Warden Neal had actual knowledge of an impending attack on August 8, 2017. Therefore, the claims against Warden Neal must be dismissed.

Finally, Mr. Webb alleges Commissioner Robert E. Carter is liable in his official capacity pursuant *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), because he created or enforced customs and policies which allowed correctional officers to fail to protect inmates from attack by other inmates. However, "a suit against a[n] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit

5

against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). The Eleventh Amendment precludes monetary claims against a State and its agencies. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). Moreover, "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994). The Commissioner of the Indiana Department of Correction is not a municipality. The claims against him must be dismissed.

For these reasons, the court:

(1) GRANTS Antwan L. Webb leave to proceed against Officer Doe in his individual capacity for compensatory and punitive damages for failing to protect him from attack by a member of MS-13 on August 8, 2017, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Robert E. Carter and Sgt. Doe;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Ron Neal at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 22) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Ron Neal to **not** file an answer to the amended complaint; and

(6) ORDERS Ron Neal in his official capacity as the Warden of the Indiana State Prison to enter an appearance and file a report by **August 6, 2020**, identifying (to the greatest extent possible) the name of the Officer Doe, the unknown officer described in the complaint who released Antwan L. Webb from his cell (D-East #425) for recreation on August 8, 2017.

SO ORDERED.

June 29, 2020  *s/ Damon R. Leichty*
Judge, United States District Court