UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTWAN L. WEBB,

    Plaintiff,

v.

AMBER BACH substituted for OFFICER CORBIN BACH,

    Defendant.

CAUSE NO. 3:18-CV-1034 DRL-MGG

## OPINION AND ORDER

In a prior order, Antwan L. Webb, a prisoner without a lawyer, was granted "leave to proceed against Officer [Corbin Bach] in his individual capacity for compensatory and punitive damages for failing to protect him from attack by a member of MS-13 on August 8, 2017, in violation of the Eighth Amendment . . .." ECF 29 at 6; ECF 34. However, Officer Bach died in Paducah, Kentucky on October 5, 2019. ECF 33-1. Applying liberal pleading standards, the court granted Mr. Webb's motion to substitute Officer Bach's widow, Amber Bach, pursuant to Federal Rule of Civil Procedure 25(a)(1). ECF 39. Nevertheless, that order explained he might not have a claim against her.

After she was served, the Indiana Attorney General entered a limited appearance for the purpose of protecting her rights until it could be determined whether to fully represent her. ECF 43. The Indiana Attorney General later moved to withdraw, explaining:

> Having now determined that Indiana law does not authorize the Office of the Indiana Attorney General to represent Ms. Bach, undersigned seeks to

> withdraw his appearance. Pursuant to Ind. Code § 34-13-4-2, the Indiana Attorney General may only appear and defend a former State employee after they have been requested to do so. Because no such representation has been requested by Mr. Bach or his estate, continued appearance on behalf of Ms. Bach in this matter is improper.

ECF 54 at 2.

In an attempt to resolve this lawsuit, the case was referred for settlement. ECF 55 and 59. At the settlement conference, Mr. Webb admitted he had no claim against Amber Bach individually and was suing her solely as a representative of her late husband. ECF 59. However, it now appears no estate was opened for Corbin Bach and Amber Bach is not his personal representative. The case did not settle and the Attorney General's motion to withdraw was granted. ECF 60.

Mr. Webb now moves to reconsider the order granting the withdrawal of counsel. ECF 61. He argues Corbin Bach worked for the Indiana Department of Correction. He argues the Indiana Department of Correction is represented by the Indiana Attorney General. However, the Indiana Department of Correction is not a party to this lawsuit. Neither is Corbin Bach. The Attorney General explained it cannot represent Amber Bach because she is neither a former State employee nor the estate of a former employee. ECF 54. Therefore, the motion to reconsider the order granting the Indiana Attorney General's motion to withdraw must be denied.

Mr. Webb also filed a motion asking to substitute Amber Bach and Corbin Bach's insurance provider. ECF 62. Amber Bach is already a party. The motion is moot as to her. Mr. Webb believes the Indiana Department of Correction carries insurance which covers Corbin Bach because he worked there. It is unclear whether the Indiana Department of

Correction has insurance; but, even if Corbin Bach had liability insurance though the Indiana Department of Correction, an insurance company is not a proper party because a plaintiff cannot sue the defendant's insurer directly. *See Donald v. Liberty Mut. Ins. Co.*, 18 F.3d 474, 480 (7th Cir. 1994). Therefore, the motion to substitute must be denied.

At the time Amber Bach was added as a party, it appeared Mr. Webb might be able to state a claim against her. It is now clear he cannot. Mr. Webb's claim, if there is one, is against the estate of Corbin Bach. However, there is no indication Corbin Bach has an estate. In November 2020, when Mr. Webb asked to substitute Amber Bach, he acknowledged Federal Rule of Civil Procedure 25(a) only allowed him 90 days after notice of Corbin Bach's death to file a motion to substitute. ECF 36. Though the deadline had already passed, the court granted his motion to substitute Amber Bach, but denied his request to add an insurer. ECF 39. At the settlement conference, Mr. Webb was told he could not proceed in this case without filing a lawsuit in probate court asking for the appointment of an administrator and asking the court for permission to substitute the administrator of the estate since the 90 day deadline had expired. ECF 59. However, rather than doing so, he again moved to add Amber Bach and an insurer. ECF 62.

Mr. Webb continues to try to hold Amber Bach liable even though he has no individual claims against her and has acknowledged as much. He has tried to find various ways to hold the Indiana Department of Correction (or its purported insurance company) liable for the alleged actions or omissions of Corbin Bach. However, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are

3

responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Mr. Webb has been told his claims were only against Corbin Bach in his individual capacity and that to proceed he must open an estate for Corbin Bach and add the administrator of the estate as the substitute party. Mr. Webb has not yet begun the process of opening an estate for Corbin Bach.

Perhaps Mr. Webb decided not to try to open an estate because he learned during the settlement conference that Corbin and Amber's jointly held property passed to Amber upon his death. ECF 59. Perhaps it is because he learned it was unlikely Corbin Bach, who was a 22-year-old former Indiana and Kentucky Correctional Officer with three children, had any assets which were not jointly held with Amber Bach. Perhaps – realizing no estate was opened because there were no assets to pass in an estate – Mr. Webb decided not to spend the time and money necessary to open an estate for Corbin Bach. Whatever the reason, he has not tried to open an estate and it is now long past time for Mr. Webb to substitute the estate as the defendant.

For these reasons, the court:

(1) DENIES the motions (ECF 61 and 62);

(2) DISMISSES this case; and

(3) DIRECTS the clerk to send a copy of this order to Amber Bach.

SO ORDERED.

June 7, 2021                               *s/ Damon R. Leichty*
                                           Judge, United States District Court